UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

FREDERICK TERRY GLYNN, et al.,

       Plaintiffs,

  -v-                                                        No.  14 CV 1924-LTS-RLE

PHILLIP TROY CHRISTY, et al.,

       Defendants.

--------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

This case is part of a complex and long-running intellectual property and contract dispute. Before the Court is a motion by Defendants to compel arbitration and stay this litigation. (Docket entry no. 114.) The Court has carefully considered the submissions of both parties and, for the reasons that follow, denies the motion to compel arbitration and denies the motion for a stay.

BACKGROUND

The facts underlying the instant dispute are well known to the parties and a lengthy recitation is unnecessary for the resolution of the instant motion.

The underlying contractual and intellectual property dispute among the parties arose in 2011. (See docket entry no. 1, Complaint ("Compl."), at ¶¶ 33-51.) Plaintiff Glynn first brought an action against Christy in the Supreme Court of the State of New York in August 2011. (Compl. ¶ 77.) Defendant Christy shortly thereafter filed a Chapter 13 bankruptcy petition in federal court. See In re Philip T. Christy, No. 11-37119 (CGM) (Bankr. S.D.N.Y.).

Litigation involving the instant dispute over the corporate Plaintiff, Air Bak Technologies, ensued in the bankruptcy court, which entered a preliminary injunction before Christy voluntarily dismissed his bankruptcy petition.  See Christy v. Air Bak Technologies, LLC, Adv. Proc. No. 11-9068 (CGM) (Bankr. S.D.N.Y.).  (See also docket entry no. 78, at 3 (summarizing Bankruptcy Court litigation).)

Plaintiffs thereafter commenced this action by filing a Complaint on March 19, 2014.  (Docket entry no. 1.)  Defendants were served on July 31, 2014 (docket entry no. 11), and filed an Answer to the Complaint on September 22, 2014 (docket entry no. 14).  In their Answer, Defendants asserted eleven affirmative defenses, but nowhere mentioned an arbitration agreement between the parties.  (See Answer, pp. 22-24.)  Similarly, in submitting their initial report prior to a pre-trial conference in this matter, which provided a 23-page review of the parties' positions, Defendants did not mention arbitration.  (Docket entry no. 29.)  After the initial pre-trial conference, under the supervision of Magistrate Judge Ellis, the parties proceeded to discovery.  On July 21, 2015, the parties provided an update on the status of discovery, and noted that both sides were delayed in completing their productions but were producing documents and negotiating a deposition schedule.  (Docket entry no. 55.)  Discovery was set to conclude on November 30, 2015.  (See docket entry no. 59.)

On October 29, 2015, Defendant Christy filed a notice of appearance pro se and simultaneously filed a motion to dismiss that raised, for the first time, the argument that this matter should be arbitrated.  (See docket entry no. 74.)  Defendants' counsel thereafter withdrew, asserting that Defendants were not paying fees and failing to cooperate with counsel.  (Docket entry no. 65.)  Defendant Christy then filed two additional pro se dispositive motions.  (Docket entry nos. 80 & 81.)  The Court terminated these motions without prejudice as untimely given

ongoing discovery. (Docket entry no. 94.) Defendants, having retained new counsel, now assert again that an agreement between the parties requires that this dispute be arbitrated; Plaintiffs argue that the Defendants have waived their right to compel arbitration. Due at least in part to the delay occasioned by Defendants' dismissal of their original counsel, discovery is now scheduled to conclude on August 26, 2016, with the parties expected to be trial-ready by December 15, 2016. (Docket entry no. 127.)

## DISCUSSION

"There is a strong presumption in favor of arbitration, and waiver of the right to arbitration is not to be lightly inferred." Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 104-05 (2d Cir. 2002) (internal modifications omitted). "Generally, waiver is more likely to be found the longer the litigation goes on, the more a party avails itself of the opportunity to litigate, and the more that party's litigation results in prejudice to the opposing party." Id. at 105. Central to this analysis is whether "prejudice to the other party is demonstrated." Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985). As relevant to the instant case, prejudice "can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir. 1991). The Second Circuit has noted that failure to raise the defense of arbitration in an answer may be relevant to a determination of waiver, though it is not dispositive of the issue. Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 938 F.2d 1574, 1576 (2d Cir. 1991); see id. at 1577, 1578 ("Shortly before the scheduled completion of discovery—a full eighteen months after answering the complaint and only four months before the scheduled trial date—defendants first raised the issue of arbitration in an omnibus motion for

judgment on the pleadings and partial summary judgment. . . . [T]he contractual right to arbitration has been waived because of the prejudice the opposing parties have suffered as a result of the defendants' delay in seeking arbitration.").

The Limited Liability Company Agreement for Air Bak Technologies, LLC (docket entry no. 115-2 (the "Agreement")) contains a clause that requires "final and binding arbitration" of "a dispute [that] arises out of or in connection with this Agreement." (Agreement, ¶ 36.) The Court assumes, solely for the purposes of this motion, that this arbitration clause is valid and enforceable, and that this dispute arises out of the Agreement.[1]

The parties have been engaged in litigation arising out of the instant dispute since August 2011 in at least three separate courts, including this one. See Gonder v. Dollar Tree Stores, Inc., 144 F. Supp. 3d 522, 527 (S.D.N.Y. 2015) ("[E]ngaging in protracted litigation that prejudices the opposing party will result in a waiver of the right to arbitration."). Plaintiffs assert – and Defendants proffer no evidence to contest – that "no demand to arbitrate was ever served by Christy despite five (5) years passing" since the commencement of litigation in New York State courts and, later, in bankruptcy court. (See docket entry no. 119, Pl.'s Memorandum of Law in Opposition, at 4.)

In this court, Defendants asserted eleven defenses in their Answer to the Complaint without taking the position that an arbitration agreement barred litigation here, instead electing to proceed with this litigation. Cf. Gonder, 144 F. Supp. 3d at 529 (declining to find waiver where the motion to compel arbitration "was the first action taken . . . after removing

---

[1] Notably, however, Plaintiff Julian Nievess is not a signatory to the Agreement. The Court need not determine whether Nievess could be nonetheless compelled to arbitrate pursuant to the Agreement because, as explained below, the Court concludes that Defendants have waived their right to enforce the arbitration provision.

the action to this Court—an action taken a mere week after serving notice of removal"). Both parties thereafter engaged in discovery. Fourteen months after being served with the Complaint in this action, and one month before discovery was set to close, Defendants for the first time asserted that the dispute should be arbitrated. On the record before the Court, Defendants' substantial delay in asserting the arbitration clause until after their participation in litigation in multiple courts and months of active discovery in this Court all demonstrates prejudice to Plaintiffs sufficient to establish waiver, especially considering the additional prejudice to Plaintiffs of litigation expenses. See Com-Tech Assocs., 938 F.2d at 1578 ("To permit litigants to exercise their contractual rights to arbitrate at such a late date, after they have deliberately chosen to participate in costly and extended litigation would defeat the purpose of arbitration: that disputes be resolved with dispatch and with a minimum of expense."). Accordingly, the Court concludes that Defendants' conduct in relation to the instant dispute demonstrates waiver of their right to compel arbitration.

CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration and for a stay of discovery is denied. This Memorandum Opinion and Order resolves docket entry no. 114.

Fact discovery in this case is scheduled to be completed by August 26, 2016, with expert discovery to follow. The final pre-trial conference will take place on December 15, 2016,

at 3:00 p.m.  This case remains referred to Magistrate Judge Ellis for general pre-trial management.

       SO ORDERED.

Dated: New York, New York
       August 2, 2016

                                           /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          United States District Judge